UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERIC RYAN SCOTT,<br><br>         Petitioner,<br>v.<br><br>STATE OF NEVADA,<br><br>         Respondent. | Case No. 2:18-cv-00450-JCM-CWH<br><br>ORDER |

   This habeas matter comes before the court on consideration of petitioner's application to proceed *in forma pauperis* (ECF No. 1) and for initial review pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254.

   As an initial matter, the petition is denominated a petition for writ of habeas corpus, but it is not on any court form and does not identify whether it is filed pursuant to 28 U.S.C. § 2254 or § 2241. It asserts several challenges, including double jeopardy, to petitioner's state court trial on charges of attempt murder with a deadly weapon, battery with a deadly weapon with substantial bodily harm, and domestic battery, which occurred from February 5, 2017, to February 13, 2017. (ECF No. 1-1 at 3). Taking judicial notice of the docket of the Eighth Judicial District Court, the court determines that the criminal proceedings challenged in this case are ongoing.[1] Petitioner has yet to be sentenced and judgment of conviction entered, and thus petitioner is a pretrial detainee.[2]

---

[1] Petitioner does not appear on the Nevada Department of Corrections inmate locater site and is currently housed at the Clark County Detention Center, which is within the jurisdiction of the Eighth Judicial District Court. Upon review of that court's docket, the court has determined that the instant petition challenges proceedings in Case No. C-16-317818-1. The charges, trial dates, and other filings in that case correspond exactly with the allegations made in the petition.

[2] The docket may be accessed via https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0 (last visited Mar. 26, 2018).

1

As petitioner's criminal proceedings are ongoing and petitioner is a pretrial detainee, the petition is properly construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

After considering the application for pauper status, the court finds that petitioner cannot pay the filing fee. The application for *in forma pauperis* status will therefore be granted. Petitioner will not be required to pay the filing fee.

Following upon initial review, it appears, *inter alia*, that the petition is wholly unexhausted and is also barred under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971). Petitioner must therefore show cause in writing why this action should not be dismissed without prejudice.

**Exhaustion**

A state criminal defendant seeking to restrain pending state proceedings via a federal writ of habeas corpus must first exhaust his state court remedies before presenting his constitutional claims to the federal courts. The exhaustion rule applicable to requests for federal pre-conviction intervention in pending state criminal proceedings is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in § 2254(b)(1). *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973); *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).[3] To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures

---

[3] *Accord Justices of Boston Muni. Court v. Lydon*, 466 U.S. 294, 333 (1984) (Stevens, J., concurring in part and concurring in the judgment); *Rose v. Lundy*, 455 U.S. 509, 515 (1982) (exhaustion doctrine predates statutory codification); *Ex parte Hawke*, 321 U.S. 114, 117 (1944) (applies to all habeas petitions challenging state custody to avoid interference with the administration of justice in the state courts).

that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Review of the Supreme Court of Nevada's docket indicates that the only thing petitioner has filed with that court is a direct appeal, which will not become effective until petitioner's judgment of conviction has been entered. Petitioner has filed no other appeal or petition in that court. Thus, it appears the petition in this case is wholly unexhausted.

Accordingly, petitioner must show cause why the federal petition should not be dismissed for lack of exhaustion. In order to establish exhaustion of all federal claims presented herein, petitioner must demonstrate that he has presented each federal claim in this matter to the state courts through to the Supreme Court of Nevada.

***Younger* Abstention**

As a general rule, even when the claims in a petition have been fully exhausted in the state courts, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden*, 626 F.2d at 83-85; *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.

While the court recognizes that an exception to *Younger* abstention exists where a pretrial detainee is seeking to restrain an allegedly unconstitutional retrial on the grounds of double jeopardy, *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992), that exception does not apply where, as here, the retrial has already taken place, *see Hill v. Plummer*, 27 Fed. App'x 723, 724 (9th Cir. 2001). Furthermore, even if this exception applied, the petitioner would still have to exhaust his state court remedies before the federal court could consider his petition. In addition, the exception would apply only to the double jeopardy claim and would not apply to any of the

3

other claims asserted in the petition, such as petitioner's claims of prosecutorial misconduct, ineffective assistance of counsel, and insufficient evidence.

Petitioner therefore must also show cause why the petition should not be dismissed without prejudice under the *Younger* abstention doctrine.

**Proper Respondent**

Petitioner has named as a respondent the State of Nevada. Petitioner may not proceed directly against the State of Nevada due to the state sovereign immunity recognized by the Eleventh Amendment. State sovereign immunity bars an action against the State or an arm of the State in federal court regardless of the relief sought. *E.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Petitioner must name his immediate physical custodian, in this instance the sheriff, as a respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-42 (2004). The state will be dismissed, and petitioner must file an amended petition naming the sheriff as a respondent.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is GRANTED and that petitioner shall not be required to pay the filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition[4] and that, within thirty (30) days of entry of this order, petitioner shall SHOW CAUSE in writing why: (a) the federal petition should not be dismissed without prejudice for lack of exhaustion; and (b) the federal petition further is not subject to dismissal without prejudice based upon the *Younger* abstention doctrine.

IT FURTHER IS ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner must attach copies of all materials upon which petitioner

---

[4] This order does not explicitly or implicitly hold that the petition is otherwise free of deficiencies.

4

bases an argument that the petition should not be dismissed. Unsupported assertions of fact will be disregarded.

IT FURTHER IS ORDERED that, if petitioner maintains that any claims in the petition have been exhausted, petitioner shall attach with his show-cause response: (a) copies of any and all papers that were accepted for filing in the state courts that he contends demonstrate that each federal claim in the present matter is exhausted; and (b) copies of all written state court decisions on the claims.

IT FURTHER IS ORDERED that the State of Nevada shall be DISMISSED as a respondent herein and that petitioner shall have thirty (30) days within which to file an amended petition naming the sheriff as a respondent. If petitioner fails to timely do so, the action will be dismissed without further advance notice.

IT FURTHER IS ORDERED that petitioner shall file any amended petition on the court's form for petitions filed pursuant to 28 U.S.C. § 2241.

IT FURTHER IS ORDERED that petitioner shall clearly title the amended petition as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 and shall place the docket number, 2:18-cv-00450-JCM-CWH, in the space to the right of the caption. Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers. Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the court. Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the court.

If petitioner does not timely and fully respond to this order, or does not show adequate cause as required, the entire petition will be dismissed without further advance notice. Given that this action seeks to restrain ongoing state criminal proceedings, requests for extension of time to respond to this order will be considered only in the most compelling of circumstances. The continuing pendency of proceedings in the state appellate courts will not constitute compelling circumstances supporting an extension request. Petitioner must demonstrate that the action is not

subject to dismissal within the time allowed, based upon the state of affairs existing as of that time. Nothing herein restrains any state proceeding.

The Clerk shall SEND the petitioner two copies each of his petition and an AO-0242 form for a § 2241 petition, which can be retrieved from the forms page on the JNet.

DATED March 27, 2018.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE