UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ERIC RYAN SCOTT, | Case No. 2:18-cv-00450-JCM-CWH |
| Petitioner, | ORDER |
| v. | |
| STATE OF NEVADA, | |
| Respondent. | |

This habeas matter comes before the court for review following the court's order to show cause and the petitioner's response thereto. (ECF No. 3; ECF No. 5 at 9-18)

The records of the state courts reflect that the criminal proceedings challenged in this case are ongoing.[1] Petitioner has yet to be sentenced and judgment of conviction entered, and thus petitioner is a pretrial detainee. On March 27, 2018, the court entered an order directing petitioner to show cause why the petition should not be dismissed for failure to exhaust and based on *Younger* abstention. Petitioner filed a response, along with an amended petition. (ECF No. 5). The amended petition eliminates all of petitioner's original claims except for his claim of a double jeopardy violation.

An exception to *Younger* abstention exists where the petitioner challenges a pending trial or sentencing on the grounds that it violates double jeopardy. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312-13 (9th Cir. 1992); *United States v. Vaughan*, 715 F.2d 1373, 1376 (9th Cir. 1983). But the petitioner still must exhaust his state court remedies before the federal courts may hear his case. *Mannes*, 967 F.2d at 1312. "'[I]n the case of a double jeopardy claim the exhaustion

---
[1] The docket may be accessed via https://www.clarkcountycourts.us/Portal/Home/WorkspaceMode?p=0 (last visited May 23, 2018).

1

requirement may be satisfied before a final judgment was rendered in a State court.' However, the petitioner must have exhausted those state remedies available to him or her before bringing a petition for habeas corpus in federal court." *Greyson v. Kellam*, 937 F.2d 1409, 1412–13 (9th Cir. 1991).

In his response, petitioner asserts that he exhausted his double jeopardy claim by filing a habeas petition in the state trial court. Petitioner represents that the trial court "vacated" his petition because it was filed before he had been sentenced. Petitioner does not indicate that he attempted to appeal the trial court's ruling or otherwise seek relief from the Nevada Supreme Court in any fashion.[2] Thus, petitioner has not exhausted all state remedies available to him. Moreover, even if the filing of the state petition were enough in and of itself to exhaust his remedies, the petition did not clearly assert a double jeopardy claim. Rather, while petitioner asserted the factual basis of his double jeopardy claim, he framed it as a violation of due process. (*See* ECF No. 5 at 13). Not only that, petitioner did not indicate the he was asserting a *federal* due process claim. A broad citation to a general constitutional provision, particularly where there is no indication that petitioner is raising a federal claim, is insufficient to exhaust a claim. *Duncan v. Henry*, 513 U.S. 364, 364-66 (1995); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion."). Accordingly, as petitioner has failed to exhaust his state court remedies, the petition must be dismissed without prejudice as wholly unexhausted.

In accordance with the foregoing, IT IS THEREFORE ORDERED that the petition in this case (ECF No. 5) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability, as jurists of reason would not find the court's dismissal of this petition to be debatable or wrong.

---

[2] As noted in the court's prior order, petitioner has filed one appeal to the Nevada Supreme Court, which remains pending. That appeal was filed on March 22, 2017. *See* http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=42860 (last visited May 24, 2018). Petitioner did not file his habeas corpus petition in state court until May 10, 2017. (ECF No. 5 at 9). Because the appeal to the Nevada Supreme Court predated the filing of the habeas petition, petitioner's appeal could not relate to the trial court's decision to "vacate" petitioner's habeas petition. No other appeals or petitions by petitioner can be located on the Nevada Supreme Court's docket.

IT IS FURTHER ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the clerk shall make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

The clerk of court shall send petitioner a copy of his papers in this action, along with two copies each of the form and instructions for an inmate pauper application and the form for § 2241 habeas petitions.

The clerk of court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED May 25, 2018.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE